33  259|
66    9|

STATE *vs.* PATRICK MAXWELL.

Under the statute (Revision of 1866, tit. 12, § 137,) which provides for the pun-
ishment of every person who shall keep " a disorderly house," it is not necessary
to show that the house had acquired the reputation of being a disorderly house.

INFORMATION for keeping a disorderly house; tried before
*Loomis, J.,* in the superior court. Defendant found guilty
and motion for new trial for error in the charge of the judge.
The case is sufficiently stated in the opinion.

*Shelton* and *Johnson,* in support of the motion.

*Foster,* State Attorney, contra.

HINMAN, C. J. The defendant takes exception to the charge
to the jury. The information was founded upon the statute
which provides " that every person who shall keep or maintain
a disorderly house, a house where lewd, dissolute or drunken
persons resort, or a house where drinking, carousing, dancing
or fighting is permitted to the disturbance of the neighbors,
shall be punished," &c. The claim was made that the jury
should be instructed that in order to convict the defendant
it was necessary for the state to prove that the reputation of
the house was that of a disorderly house; but the court
omitted to so charge and in substance informed the jury that
it was sufficient if the house was in fact a house of this
description, within the meaning of the statute. It appears to
us that this instruction was correct. Nothing is said in the
statute about the reputation of houses the keepers of which
are liable to prosecution under it, and unless by the phrase
" disorderly house " is necessarily meant a house which is
reputed to be such, it clearly is not within its letter or spirit.
But the statute uses the phrase as synonymous with a house
where lewd, dissolute or drunken persons resort. And this is
very nearly the common law definition of a disorderly house,
which is a house the inmates of which behave so badly as to

become a nuisance to the neighborhood. But a house may become a nuisance to its immediate neighborhood without acquiring a general reputation of being disorderly. It must become disorderly and a nuisance before it would acquire a general reputation of being so, and as soon as it becomes a house of this description it is, we think, liable to prosecution under this statute. The persons immediately injured by such a house would know that it was in fact disorderly long before its general character would be acquired, and it was not the intention to shield it from prosecution until its general character was established. The statute is unlike that in relation to houses of ill-fame. Houses of this latter description, by the very terms of the statute in relation to them, must have acquired an ill-fame or reputation ; and hence the case of *Cadwell* v. *The State*, 17 Conn., 467, cited by the defendant, has no application to this case.

We find no error in the charge complained of, and do not advise a new trial.

In this opinion the other judges concurred.